Porter, J.
The plaintiffs, by a petition for a rehearing, have again called the attention of the court to this case.
They complain that the cause has been sent back for a new trial, on an exception taken by the party who succeeded in the inferior court, without any opinion being expressed on its merits. But I think we did express an opinion on the merits, and that in the strongest possible way; for if we had thought with the district court, that the facts, as they appear on the record, authorised judgment for the defendant, we would not have done so vain and useless a thing, as to have remanded the cause for a new trial, to get up testimony which the party did not want.
They also complain that the court look no notice of their objection; that the witness was a vendor of the slaves, and responsible for *637 the costs. I have, looked again, into the record, with the intention of delivering an opinion on the point, but I find the objection was taken before the inferior court, in such a manner that we are not authorised to consider the incompetently of the witness on these grounds.
The bill of exceptions merely states, that Fouque, father-in-law of the defendant, was offered as a witness, and that the defendant objected to him on the ground of interest.
The rule on this subject is very clear, and I had supposed, was perfectly understood in practice. It is the duty of a party objecting to the introduction of a witness, not merely to state that he cannot be permitted to testify, but to declare why he is incompetent. This is required, that his adversary may have an opportunity of removing the objection. There are many cases which shew how strictly this rule is enforced. 3 John. 558. 4 ib. 467. 8 ib. 507. 3 Dallas, 422. In the language used in one of these cases, the party excepting, must lay his finger on the points which might arise either in admitting or rejecting testimony.
To object to a witness, because he is inter *638 ested, is doing little more than to say that he is not a good witness. The nature of the interest should be stated, in order that the adversary may not be entrapped by an objection so general, or left in ignorance of the real ground on which his incompetency is alleged, until it is too late, by a release, or otherwise, to restore it.
This case will illustrate the correctness of that rule, and the propriety of enforcing it; for the expressions used in the bill of exceptions, satisfy me that the objection was taken to the interest, as father-in-law. But if I am mistaken in this, I am clear he ought to have stated the particular grounds of interest.
I think, therefore, the rehearing should be refused.
Martin, J.
My opinion is still the same.