No. 11,649.

MARY E. PERKINS, WIFE, ET ALS. VS. URSIN VINCENT ET ALS.

Lands subject to equitable claims within the territory acquired by the United States from Spain under the treaty of 1819, requiring survey and confirmation by the United States, are, until the approved survey, confirmation or patent issued, part of the public domain. R S. U. S., Secs. 2328, 2347; 8 Martin, 637; 5 N. S. 32; 3 An. 59; 4 An. 90; 12 An. 151.

Hence until surveyed and confirmed to the claimant by act of Congress referring to the survey or patent issued, no prescription runs against him.

APPEAL from the Twelfth Judicial District Court, Parish of Calcasieu.   *Fournet, J.*

---

*A. R. Mitchell* and *Leon Sugar* for Plaintiffs, Appellants.

---

*E. D. Miller* and *A. P. Pujol* for Defendant, Appellee.

---

The opinion of the court was delivered by

MILLER, J.   The plaintiffs bring the petitory action.   The defences are the general issue, prescription, and exceptions to the capacity of

plaintiffs to sue. The judgment of the lower court maintained the plea of prescription of some of the defendants, and the exceptions to the capacity of two of the plaintiffs, and as to other defendants overruled their pleas of prescription. The plaintiffs appeal, and ask that the judgment be amended so as to decree plaintiffs owners of the land for which they sue.

The exceptions, other than those of prescription, have been waived.

The plaintiffs sue as the heirs of James Goings. The lands claimed lie within the once disputed territory between the western boundary of the State and the Rio Hondo, the claims to lands within which territory were protected by our treaty with Spain in 1819. Going's claim, based on habitation only, never surveyed, was merely equitable. The Boards of Land Commissioners of the United States recommended the claim for confirmation, stating the land to be three hundred and twenty acres on the west side of "the Quelque shue," east bank of Bayou "Shou Pique," opposite the claim of James Ashworth. The confirmation was by act of Congress in 1828. While thus confirmed, the land, though subject to the equitable claim, must be deemed to have formed part of the public domain until at least it was ascertained by a public survey, and the issue of a patent or its equivalent confirmation of the claimant's title by act of Congress referring to the survey. Until such survey the land was imprescriptible, and hence no prescription in respect to such land could run against the claimant or his heirs. It is claimed the field notes of the survey were furnished in 1874, but the survey itself, by the authority of the United States, was not approved by the Surveyor General, nor was any patent issued to Goings' heirs till 1890. It is in our opinion clear that the pleas of prescription must fail. Revised Statutes United States, Secs. 2223, 2447; Lafayette et al. vs. Blanc, 3 An. 59; Hooter vs. Tippett, 8 Martin, 637; Gonsoulin's Heirs vs. Brashear, 5 N. S. 33; Pontalba vs. Copland, 3 An. 86; Laidlaw vs. Landry, 12 An. 151.

A portion of the defendants exhibit no title. That relied on by the other defendants will not avail. Lands part of the public domain are not prescriptible till the patent issues. It follows that one claiming to have become owner of such lands before any official survey or patent issued can not hold against plaintiffs having the patent.

We think the patent made part of the petition controls the aver-ments in the petition as to the title and fixes its character.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed so far as it maintains the plea of prescription of some of the defendants, and dismisses the demand of two of the plaintiffs, and it is now ordered, adjudged and decreed that plaintiffs be and they are hereby decreed to be the owners of the land sued for and put in possession, and that defend-ants pay costs.

### ON APPLICATION FOR REHEARING.

The re-examination of this controversy has not changed our con-clusion with respect to the title.  In the original briefs we were not apprised, as we appreciated the discussion, of any determination required as to rents and revenues and improvements.   We are asked in the brief for rehearing to pass on those issues, or remand the cause.   We think it sufficient to reserve those issues for further ad-judication.

It is therefore ordered, adjudged and decreed, that the rehearing be refused, reserving the rights of the plaintiff, in further judicial proceedings, to claim the rents and revenues, and of the defendant to claim for improvements of the property or urge other claims inci-dent to eviction; the parties conceive they are entitled to urge.